**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA. | |
| v. | CRIMINAL NO. 18-497 (CCC) |
| | CRIMINAL NO. 19-352 (CCC) |
| LOUIS HEREDIA-DE LEON, | |
| Defendant. | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**RE: RULE 11(c)(1)(B) GUILTY PLEA HEARING**

**I.    Procedural Background**

Defendant Louis Heredia-De Leon intends to plead guilty to Counts One and Two of the indictment returned in Case No. 18-497, and Counts One through Five of an Information filed in Case No. 19-352.

Count One of the indictment charges that on or about June 21, 2018, Mr. Heredia, with the intent to cause death or serious bodily injury, did take a motor vehicle from the person or presence of another, a vehicle that had been shipped or transported in interstate or foreign commerce, by force, violence, and intimidation, resulting in serious bodily injury, all in violation of 18 U.S.C. Section 2119(2). Count Two charges that on or about the same date, the defendant, knowingly used, brandished, and discharged a firearm in furtherance of a crime of violence that may be prosecuted in a court of the United States, all in violation of 18 U.S.C. Section 924(c). Counts One through Five of the information each charge that defendant, on dates stated in the information, did take a motor vehicle from the person or presence of another, a vehicle that had been shipped or transported in interstate or foreign commerce, by force, violence, and intimidation, in violation of Title 18, United States Code, Section 2119(1).

Defendant appeared before me on June 10, 2019, assisted by the court interpreter, since the Rule 11 hearing was referred by the court.    See United States v. Woodard, 387 F.3d 1329 (11th

USA v. Louis Heredia-De Leon
Cr. 18-497 (CCC), Cr. 19-352 (CCC)
**REPORT AND RECOMMENDATION ON GUILTY PLEA**

Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of defendant).    He was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful lest he would subject himself to possible charges of perjury or making a false statement.

## II.    Consent to Proceed Before a Magistrate Judge

Defendant was provided with a Waiver of Right to Trial by Jury form, which he signed.[1] He acknowledged that his attorney explained the form and translated it into Spanish before he signed it.    He was advised of his right to hold all proceedings, including the change of plea hearing, before a district court judge.    He received an explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge.    He was informed that if he elects to proceed before a magistrate judge, then the magistrate judge will conduct the hearing and prepare a report and recommendation, subject to review and approval of the district judge.    The defendant then voluntarily consented to proceed before a magistrate judge.

## III.    Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations.    Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).    "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)).    There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926

---

[1]    The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

USA v. Louis Heredia-De Leon
Cr. 18-497 (CCC), Cr. 19-352 (CCC)
**REPORT AND RECOMMENDATION ON GUILTY PLEA**

F.2d 1237, 1244 (1st Cir. 1991)).

### A.      <u>Competence to Enter a Guilty Plea</u>

This magistrate judge questioned the defendant about his age, education, employment, history of any treatment for mental illness or addiction, use of any medication, drugs, or alcohol, and his understanding of the purpose of the hearing, all in order to ascertain his capacity to understand, answer and comprehend the change of plea colloquy. The court confirmed that the defendant received the second superseding indictment and fully discussed the charge with his attorney, and was satisfied with the advice and representation he received.   The court further inquired whether defendant's counsel or counsel for the government had any doubt as to his capacity to plead, receiving answers from both that the defendant was competent to enter a plea. After considering the defendant's responses, and observing his demeanor, a finding was made that Mr. Heredia was competent to plead and fully aware of the purpose of the hearing.

### B.      <u>Maximum Penalties</u>

Upon questioning, the defendant expressed his understanding of the maximum penalties prescribed by statutes for the offenses to which he was pleading guilty, namely: as to Count One of the indictment, a term of imprisonment of up to 25 years, a fine of not more than $250,000,000, and a supervised release term of not more than five years; as to Count Two of the indictment, a consecutive term of imprisonment of at least ten years and up to life, a fine of not more than $250,000, and a supervised release term of up to five years; as to each of Counts One through Five of the information, a term of imprisonment of up to fifteen years, a fine of up to $250,000, and a supervised release term of up to three years.   The defendant also understood that a Special Monetary Assessment of $100.00 per count would be imposed, to be deposited in the Crime Victim Fund, pursuant to Title 18, <u>United States Code</u>, §3013(a).   The court explained the nature of supervised release and the consequences of revocation. The court may also enter an order of forfeiture.

USA v. Louis Heredia-De Leon
Cr. 18-497 (CCC), Cr. 19-352 (CCC)
REPORT AND RECOMMENDATION ON GUILTY PLEA

### C.    Plea Agreement

Mr. Heredia was shown the plea agreement and the supplement thereto (together, "Plea Agreement"), which are part of the record, and identified his initials on each page and his signature on the document. He confirmed that he had the opportunity to read and discuss the Plea Agreement with his attorney before he signed it, that his attorney explained and translated the Plea Agreement before he signed it, that it represented the entirety of his understanding with the government, that he understood its terms, and that no one had made any other or different promises or assurances to induce him to plead guilty.

The defendant was then admonished, pursuant to Fed. R. Crim. P. 11(c)(1)(B), and expressed his understanding, that the terms of the plea agreement are merely recommendations to the court, and that the district judge who will preside over the sentencing hearing can reject the recommendation without permitting the defendant withdraw his guilty plea, and impose a sentence that is more severe than the defendant might anticipate.

The parties' sentencing calculations and recommendations appear in the Plea Agreement, and were explained in open court. The defendant confirmed that these were the sentencing recommendations he agreed to with the government. The defendant was specifically informed that any sentencing calculations contained in the Plea Agreement were not binding for the sentencing court, but were only estimates of possible terms of his sentence, and that the court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate in the Plea Agreement or provided by his attorney, and that the court had authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines.   The defendant was advised, and understood, that the Sentencing Guidelines are no longer mandatory and are thus considered advisory, and that during sentencing the court will consider the sentencing criteria found at Title 18, United States Code, Section 3553(a).

The defendant was advised that under some circumstances he or the government may have the right to appeal the sentence the court imposes.   The defendant was further informed, and

USA v. Louis Heredia-De Leon
Cr. 18-497 (CCC), Cr. 19-352 (CCC)
REPORT AND RECOMMENDATION ON GUILTY PLEA

professed to understand, that the Plea Agreement contains a waiver of appeal provision under which the defendant agreed to waive his right to appeal the judgement and sentence if the court accepts the Plea Agreement and sentences him according to its terms and conditions.

### D.    Waiver of Constitutional Rights

The defendant was specifically advised that he has the right to persist in a plea of not guilty, and if he does so persist that he has the right to a speedy and public trial by jury, or before a judge sitting without a jury if the court and the government so agree; that at trial he would be presumed innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would have the right to assistance of counsel, and if he could not afford an attorney the court would appoint one to represent him throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine the government's witnesses, the right to decline to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify on his behalf.    He was further informed that if he decided not to testify or put on evidence at trial, his failure to do so could not be used against him, and that at trial the jury must return a unanimous verdict before he could be found guilty.    The defendant specifically acknowledged understanding these rights, and understanding that by entering a plea of guilty there would be no trial and he will be waiving or giving up the rights that the court explained.

The defendant was informed that parole has been abolished and that any sentence of imprisonment must be served.    He was further informed that his guilty plea may result in loss of civil rights, such as the right to vote, to hold public office, to serve on a jury, and to possess a firearm.    The defendant waived his right to be prosecuted by an indictment for the charges raised in the information. The defendant confirmed that he understood these consequences of his guilty plea.

### E.    Factual Basis for the Guilty Plea

Defendant was read in open court Counts One and Two of the indictment, and Counts One

USA v. Louis Heredia-De Leon
Cr. 18-497 (CCC), Cr. 19-352 (CCC)
**REPORT AND RECOMMENDATION ON GUILTY PLEA**

through Five of the information, and provided an explanation of the elements of the offenses. The meaning of terms used was explained.

Upon questioning, the government presented to this magistrate judge and to defendant a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant elected to go to trial, the defendant's guilt beyond a reasonable doubt.  The defendant was able to understand this explanation and agreed with the government's submission as to the evidence which could have been presented at trial.

F.    **Voluntariness**

The defendant indicated that he was not being induced to plead guilty, but was entering such a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or offered a thing of value in exchange for his plea.   He acknowledged that no one had made any different or other promises in exchange for his guilty plea, other than the recommendations set forth in the plea agreement.   Throughout the hearing the defendant was able to consult with his attorney.

IV.   **Conclusion**

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and entered a plea of guilty as to Counts One and Two of the indictment, and Counts One through Five of the information.

After cautioning and examining the defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, I find that the defendant, Louis Heredia-De Leon, is competent to enter this guilty plea, is aware of the nature of the offenses charged and the maximum statutory penalties, understands that the charges are supported by evidence and a basis in fact, has admitted to the elements of the offenses, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea.    Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to Counts One and

**USA v. Louis Heredia-De Leon**
**Cr. 18-497 (CCC), Cr. 19-352 (CCC)**
**REPORT AND RECOMMENDATION ON GUILTY PLEA**

Two of the indictment, and Counts One through Five of the information.

This report and recommendation is filed pursuant to 28 U.S.C. §636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen days of its receipt.    Failure to file timely and specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

**A sentencing hearing has been set for September 9, 2019 at 1:30 p.m. before District Judge Carmen Cerezo.**

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 10th day of June, 2019.


*s/Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge